IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § | |
| Plaintiff, | § § | Case No.: 4:05-CV-472 |
| vs. | § § | |
| TRAVIS E. CORRELL, individually and doing business as Horizon Establishment; GREGORY THOMPSON; DWIGHT J. JOHNSON; HARRY ROBINSON "ROBBIE" GOWDEY, individually and doing business as Atlas and Jericho Productions; GRANT CARDNO; NEULAN D. MIDKIFF; TRAVIS CORRELL & COMPANY, INC.; THE LIBERTY ESTABLISHMENT, INC.; SOVEREIGN CAPITAL INVESTMENTS, S.A.; TNT OFFICE SUPPLY, INC.; NET WORTH GROUP, INC. and JOSHUA TREE GROUP LLC; | § § § § § § § § § § § § § § | |
| Defendants, and | § § § | |
| BANNER SHIELD, LLC; HOSPITALITY MANAGEMENT GROUP, INC.; CREATIVE WEALTH VENTURES, LLC and JTA ENTERPRISES; | § § § § § | |
| Defendants Solely for Purposes of Equitable Relief. | § § | |

**ORDER ESTABLISHING DOCUMENT DEPOSITORY**

The Court having considered the *Joint Motion for an Order Establishing Document Depository* finds that the motion should be granted.

**NOW, THEREFORE, IT IS HEREBY ORDERED** as follows:

1. The document depository procedures set forth below are designed to accomplish the following:

 a. Establish fair and cost efficient procedures for the deposit, care management, and access to the Related Documents.

 b. Preserve all Related Documents and ensure their availability to the Receiver and all Designated Parties.

 c. Reduce the aggregate cost of producing, copying, and maintaining the Related Documents.

 d. Minimize duplication and production efforts and expenses of Designated Parties.

 e. To the extent funds are made available, establish a uniform method of identifying documents for use in this action and in related civil and criminal actions relating to the matters alleged in the *Complaint*.

**A. Definitions**

2. "SEC Action" means the action entitled *SEC vs. Travis E. Correll, et al.* [Case No.: 4:05-CV-472-RAS] pending in the United States District Court for the Eastern District of Texas.

3. "Receivership Court" means the Honorable Richard A. Schell or any successor Judge in the SEC Action.

4. "Receiver" means S. Gregory Hays as the court appointed receiver in the SEC Action.

5.  "Designated Parties" shall include the following:

    a.  S. Gregory Hays, as Receiver ("Receiver") in the SEC Action;

    b.  The United States Securities and Exchange Commission and all of its employees, attorneys or agents ("SEC");

    c.  All attorneys or employees of any state or federal governmental agency, including but not limited to the United States Attorneys Offices for the Eastern District of Texas, Northern District of Texas, Western District of Texas, Northern District of Georgia or Northern District of Minnesota;

    d.  Any defendant or relief defendant in the SEC Action that agrees to abide by this Order by executing an agreement in a form prescribed by the Receiver.

    e.  Any party in any Correll-Related Proceeding that agrees to abide by this Order by executing an agreement in a form prescribed by the Receiver.

    f.  Attorneys for any of the Designated Parties identified in subparagraphs a through e, above.

6.  "Correll-Related Proceeding" means the following proceedings:

    a.  Any proceeding commenced by the Receiver.

    b.  Any proceeding, civil or criminal, related to or arising out of the conduct alleged in the *Complaint* filed in the SEC Action, (1) upon order of the Court in which the proceeding is pending, and (2) upon agreement of all of the Designated Parties or order of the Receivership Court.

7.  "Document" includes every writing of every type and description and any other instrument or device by which, through which, or upon which information has been recorded or preserved, including, but not limited to, memoranda, notes, letters, written documents, drawings, canceled checks, tape recordings, electronic media of all types, voice

recordings, and photographs. The term "document" also means every copy of a document where such copy is not an identical duplicate of the original. Everything covered by the definitions of "writing", "recording", "photographs," "original," and "duplicate," in Rule 1001 of the *Federal Rules of Evidence* are included within the definition of "document."

8. "Related Documents" means: (a) any and all Documents recovered by the Receiver from any of the persons or entities for which he is Receiver; (b) Documents, including bank records, obtained by the Receiver as a result of a voluntary production or in response to a subpoena issued by the Receiver; (c) Documents obtained by the Commission in response to a subpoena or document production request issued by it; (d) any documents obtained by any governmental agency that are turned over to the Receiver to maintained and administered in accordance with this Order; and, (e) any other documents that the Receiver believes may have evidentiary value in the SEC Action or any Correll-Related Proceeding.

9. "Document Depository" means the facility under the control of the Administrator in which all Related Documents will be stored until further order of this Court.

10. "Depository Administrator" or "Administrator" means the Receiver or other person designated by the Receiver to operate the Document Depository.

11. "Depository Custodian" means the person or firm selected by the Receiver to take physical custody and control of the Related Documents.

12. "Document Processor" means the firm hired by the Receiver to organize, number, index and scan Related Documents as directed by the Administrator.

13. "Government Investigator" means any person designated in writing as such by any federal or state governmental agency. All such written designations shall be made solely to the Administrator and Document Custodian who shall maintain the names as confidential.

In this regard, the Administrator and Document Custodian may identify Government Investigators to the Receiver and his counsel.

**B.    Depository Administrator**

14.    The Depository Administrator shall:

a.    Maintain supervision and control of the Related Documents at a storage facility operated by the Document Custodian located within Atlanta, Georgia.

b.    Promulgate such rules as are necessary and consistent with this Order to guarantee the security and controlled access to the Related Documents.

c.    Assign secret passwords to the USA, the SEC, and the Receiver for use in obtaining access to the Related Documents,

d.    Establish and maintain a box inventory of the Related Documents.

e.    To the extent that the Receiver determines that there are sufficient available funds to justify the expense, (1) establish and maintain a document numbering system for use in numbering the Related Documents, and (2) employ a qualified firm to number, scan and index Related Documents as provided in this Order.

**C.    Document Custodian**

15.    The Document Custodian shall maintain custody of the Related Documents deposited in the Document Depository and provide adequate facilities and measures to insure the safety and integrity of the Related Documents and to insure compliance with the requirements of this Order.

16.    The Document Custodian shall provide each person allowed access to the Related Documents as provided herein with a separate area large enough to review and study the Related Documents.

17. The Document Custodian shall provide access to the Related Documents only to the following persons:

    a. A person presenting the secret password assigned by the Administrator to the USA together with identification identifying the person as a Government Investigator.

    b. A person presenting the secret password assigned to the Receiver together with identification identifying the person as an employee of the Receiver or of the Receiver's legal counsel.

    c. A person presenting the secret password assigned by the Administrator to the SEC together with identification identifying the person as an employee of the Securities and Exchange Commission.

18. Any Designated Party, other than one described above, that desires to inspect the Related Documents must make arrangements with the Receiver, the SEC or other appropriate governmental agency to be accompanied by them to the Document Depository.

**D.  Deposit of Related Documents**

19. The SEC has agreed to deliver to the Receiver for deposit in the Document Depository all Related Documents obtained by the SEC in response to subpoenas or document production requests in connection with the SEC Action.

20. The Receiver shall deposit in the Document Depository all Related Documents obtained by the Receiver or his counsel from the defendants or relief defendants or from any other person pursuant to the orders or subpoenas of this Court.

21. Other Designated Parties, within thirty days of acquiring possession or control of a Related Document or of becoming a Designated Party, whichever is later, shall deliver to

the Administrator for deposit in the Document Depository all Related Documents in their possession or control.

22. No Designated Party is required to deposit in the Document Depository any Documents the disclosure of which are protected by any recognized privilege or which are otherwise confidential under applicable state or federal law.

### E. Alteration or Removal of Related Documents

23. No Designated Party or any other person shall alter, deface or destroy any Related Document or any document number, folder, box or label relating thereto, except that the Administrator or Document Processor may affix an index number to any Related Document in accordance with this order.

24. No Designated Party or any other person shall remove any Related Document from the Document Depository or alter the order, organization or box location of Related Documents, except that:

    a. The Administrator or Document Processor may temporarily remove Related Documents for the purpose of scanning, indexing or copying such documents.

    b. The Administrator or Document Processor may re-order or re-box Related Documents as the Administrator deems necessary to permit the efficient indexing and retrieval of the Related Documents.

    c. A Government Investigator, pursuant to lawful subpoena issued by or at the request of a Government Agency and served on the Administrator, may remove a Related Document provided the Document is replaced with a true and correct copy.

### F.  Scanning and Indexing Related Documents

25. The Receiver may in his discretion, upon consultation with the Designated Parties, select Related Documents to be numbered, scanned and indexed. The costs of such scanning and indexing shall be paid by the Receiver from the Receivership Assets or from funds provided by one or more Designated Parties.

26. The index of documents may include such information as determined appropriate by the Administrator, such as the beginning and ending document numbers and an identification of the source of the Document.

27. Any Designated Party may request that any Related Documents, in addition to those selected by the Receiver, be numbered, scanned or indexed, provided that the Designated Party making such request pays to the Receiver the full costs of such numbering, scanning or indexing as determined by the Receiver.

### G.  Providing Copies of Box Inventory, Document Index and Scanned Images

28. The Administrator shall provide to any Designated Party requesting same a copy of the box inventory, and if the documents have been scanned or an electronic index prepared, compact disks containing an electronic copy of any scanned images and document index.

29. All Designated Parties shall pay to the Administrator a reasonable fee set by the Administrator to cover the costs of the box inventory. In addition, if images have been scanned, Designated Parties shall pay to the Administrator a reasonable fee set by the Administrator to cover the costs of the compact disks and a portion of the costs incurred by the Administrator in connection with the numbering, scanning and indexing of Designated Documents.

## H. Access to Documents

30. Unless otherwise ordered by the Receivership Court, neither the Administrator nor the Document Custodian shall be required to allow access to the Related Documents contained in the Document Depository to any person or entity other than a Designated Party, the Document Custodian, or the Document Processor as provided in this Order. To the extent that the Receivership Court orders access to other persons, the Administrator shall ensure that such access does not interfere with any access by Designated Parties and is otherwise consistent with the procedures set forth in this Order.

31. Except as otherwise provided in paragraph 24(c) of this Order, no person shall serve on the Administrator, the Receiver, the Document Processor or the Document Custodian, a subpoena, notice of deposition, or other legal process or demand for testimony or for access to or the production of Related Documents in the Document Depository or otherwise in their possession or control, or for the production of the scanned images or indices. Any person desiring to obtain such testimony or Documents or information shall submit a written request for same to the Receiver, and if such request has not been responded to within sixty (60) days, such person may seek an order of the Receivership Court with regard to the request with notice to all Designated Parties. The Receiver may charge a reasonable fee for costs incurred by him in complying with such requests, including but not limited to copying costs, staff time and charges by the Administrator and Document Custodian incurred in locating the requested documents and supervising access to such documents, and fees for disks of scanned images and indices.

**I.      Miscellaneous**

32.    Each Designated Party shall pay the costs of moving its own Related Documents to the Document Depository or in making its own copies of Related Documents.

33.    A Designated Party may use in the SEC Action or any Correll-Related Proceeding a copy of any Related Document obtained from the Document Depository in place of the original of the Related Document.

Dated this _____ day of _____, 2006.

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE