IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>     Plaintiff,<br>vs.<br><br>TRAVIS E. CORRELL, individually and doing business as Horizon Establishment; et al.<br><br>     Defendants,<br>and<br><br>BANNER SHIELD, LLC; et al.<br><br>     Defendants Solely for Purposes of Equitable Relief.<br>_____<br><br>SECURITIES AND EXCHANGE COMMISSION,<br><br>     Plaintiff,<br>vs.<br><br>GLOBAL FINANCE & INVESTMENTS, INC.; et al.<br><br>     Defendants,<br><br>and<br><br>USASSET & FUNDING CORP.; et al.<br><br>     Defendants Solely for Purposes of Equitable Relief. | **Lead Case**<br><br>Case No.**:** 4:05-CV-472 RAS<br><br>RECEIVER'S MOTION TO APPROVE SECOND SCHEDULE OF ALLOWED SUPPLEMENTAL CLAIMS AND DISTRIBUTION OF PROCEEDS (LEAD CASE ONLY) AND BRIEF IN SUPPORT<br><br><br><br><br>**Consolidated Case**<br><br>Case No.: 4:07-cv-346 RAS |

**RECEIVER'S MOTION TO APPROVE SECOND SCHEDULE OF ALLOWED
SUPPLEMENTAL CLAIMS AND DISTRIBUTION OF PROCEEDS
<u>(LEAD CASE ONLY) AND BRIEF IN SUPPORT</u>**

S. Gregory Hays is the court-appointed Receiver ("Receiver") for Defendants Travis E. Correll, individually and d/b/a Horizon Establishment; Gregory W. Thompson; Harry Robinson "Robbie" Gowdey, individually and d/b/a Atlas and Jericho Productions; Dwight J. Johnson; Grant Cardno; Neulan D. Midkiff; Travis E. Correll & Company, Inc.; Liberty Establishment, Inc.; Sovereign Capital Investments, SA; The Net Worth Group, Inc.; TNT Office Supply, Inc.; Joshua Tree Group, LLC; Kerry Sitton; KG Sitton and Company, LLC; and KGS Group, LLC. Hays also is the Receiver over certain assets of Relief Defendants Banner Shield, LLC; Hospitality Management Group, Inc.; Creative Wealth Ventures, LLC; and JTA Enterprises (the "Receiver Defendants"). The Receiver files this Motion for the Court to Approve a Second Schedule of Allowed Supplemental Claims and Distribution of Proceeds and shows the Court as follows:

## **BACKGROUND**

1.

This action was commenced on December 7, 2005 when the Securities and Exchange Commission ("SEC") filed the above-styled civil enforcement action (the "Enforcement Action"). The Receiver was appointed by an Order of the same date (the "Receivership Order"). The Receivership Order grants the Receiver broad authority over the organization, management, control, and disposal of the assets of the Receiver Defendants (the Receiver Defendants and their assets are collectively referred to as the "Receiver Estate").

2.

In furtherance of his duties, the Receiver provided all known investors and creditors with claim forms in January 2006. The claim forms also have been available on the Receiver's website since that time. Additionally, the Receiver has periodically provided a claim form to all

potential investors and creditors who did not respond to the January 2006 mailing, but who have become known to the Receiver throughout the course of this Receivership.

3.

On May 8, 2009, the Receiver filed his first Motion to Approve Schedule of Claims and Distribution of Proceeds. The Court issued an Order approving the first Schedule of Claims and Distribution of Proceeds on May 13, 2009 (the "First Schedule"), and the Receiver has made an initial distribution from the Estate in accordance with the First Schedule.

4.

In his motion to approve the First Schedule, the Receiver stated that he anticipated that there would be multiple distributions in this case, and that he would file additional Schedules of Claims prior to making any further distributions.

5.

On September 4, 2009, the Receiver filed his first Motion to Approve Schedule of Allowed Supplemental Claims seeking approval of the claims of several investors and creditors with valid claims who did not receive payments during the initial distribution. The Court issued an Order approving the Schedule of Allowed Supplemental Claims on September 24, 2009 (the "First Supplemental Schedule"), and the Receiver has made a pro rata distribution to the claimants identified on the First Supplemental Schedule sufficient to bring them current with the other claimants who received funds during the initial distribution in this case.

6.

After making the distributions to the supplemental claimants listed on the First Supplemental Schedule, the Receiver identified three additional investors with valid claims who were not listed on the First Supplemental Schedule and who have not received any distributions

from the Receiver Estate. The first of these investors was identified as having a Conditionally Allowed Investor Claim in the First Schedule and has now satisfied the requisite condition for his claim. The second investor appears to have submitted a timely claim, but the claim was apparently lost in transit to the Receiver's office and he was therefore not identified on the First Schedule or the First Supplemental Schedule. The third investor submitted a claim in the consolidated case of *SEC v. Global Finance, et al*. Based on the timing of the third investor's investment, however, the Receiver has determined that the claim should be allowed in this case instead of the *Global Finance* case. All three of these investors' claims are valid, as discussed below, and the Receiver believes it is appropriate for the investors to receive distributions from the Receiver Estate on par with the other investors who have valid claims in this case. The claims of these three investors (the "Second Supplemental Claimants") will be hereinafter referenced as the "Second Supplemental Claims."

## ANALYSIS OF CLAIMS

7.

Pursuant to Section 3 of the Plan for Claims Administration and Distribution of Proceeds approved by the Court on December 2, 2008 (the "Plan"), the Receiver and the professionals working with him relied upon the funds tracing database developed in this case and information provided by the Second Supplemental Claimants to analyze and reconcile the Second Supplemental Claims.

8.

Pursuant to Section 3.5 of the Plan, the Receiver issued Claim Determination Notices to the Second Supplemental Claimants, which calculated the Second Supplemental Claimants' net losses. Additionally, the Receiver provided the Second Supplemental Claimants with an

opportunity to object to the claim determination together with instructions for doing so. Pursuant to Section 4.3 of the Plan, the Receiver has resolved all disputes without the need for Court intervention. The Receiver has received signed or verbal acknowledgements by all three Second Supplemental Claimants stating that they agree with the Receiver's determinations as to the allowed amounts of their Second Supplemental Claims.

## **DISTRIBUTION**

9.

Based on the Receiver's analysis detailed in the Claim Determination Notices, the Receiver has determined that the Second Supplemental Claims should be allowed in the total amount of $134,525.00. The Second Supplemental Claims are detailed in the Second Schedule of Allowed Supplemental Claims attached hereto as Exhibit "A."

10.

Pending this Court's approval of the Second Schedule of Allowed Supplemental Claims (Exhibit A), the Second Supplemental Claimants will receive a pro rata distribution consistent with the amounts listed therein.

11.

Because the appropriate amounts for the Second Supplemental Claims have been established, it is now appropriate to make a distribution to the Second Supplemental Claimants based on the Second Schedule of Allowed Supplemental Claims. Pursuant to Section 5 of the Plan, the Receiver requests that the Court approve the Second Schedule of Allowed Supplemental Claims (Exhibit A) and grant the Receiver the authority to make a distribution from the Receiver Estate to pay the Second Supplemental Claims as detailed therein.

12.

The Receiver does not anticipate that there will be any additional supplemental claims in this case and therefore believes that the Second Schedule of Allowed Supplemental Claims will be the last schedule of supplemental claims presented to the Court for approval.

### **CONCLUSION**

WHEREFORE, S. Gregory Hays, Receiver, respectfully requests that the Court grant the Receiver's Motion to Approve the Second Schedule of Allowed Supplemental Claims.

This 28th day of May, 2010.

                                                TROUTMAN SANDERS LLP

                                                /s/ J. David Dantzler, Jr.
                                                J. DAVID DANTZLER, JR.
                                                Ga. State Bar No. 205125
                                                CHARLES R. BURNETT
                                                Ga. State Bar No. 396397

Bank of America Plaza, Suite 5200
600 Peachtree Street, N.E.
Atlanta, GA  30308-2216
(404) 885-3000
(404) 962-6799 (facsimile)

                                                QUILLING, SELANDER,
                                                CUMMISKY & LOWNDS, P.C.

                                                /s/ Clark B. Will
                                                CLARK B. WILL, P.C.
                                                Texas State Bar No. 21502500

Bryan Tower
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100
(214) 871-2111 (facsimile)                            Attorneys for S. Gregory Hays, Receiver

## **CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(i) of the United States District Court for the Eastern District of Texas, the Receiver has, prior to filing this Motion, consulted with counsel for all remaining parties to this action in a good faith attempt to resolve the matter without court intervention and no opposition was voiced.

Furthermore, in accordance with his practice in the above-styled case, the Receiver is posting the Motion on his website so that any and all investors will have an opportunity to review it and file objections. Accordingly, and out of an abundance of caution, the Receiver states for purposes of this certificate that **this Motion is opposed at this time**. If no investor objects to Motion after fifteen (15) days from the date of filing, the Receiver will file an amended certificate of conference indicating that it is unopposed.

Additionally, in accordance with Paragraph 17 of the Order Appointing Receiver, the Receiver has, prior to filing this Motion, consulted with counsel for the Securities and Exchange Commission regarding the schedules of claims that are the subject of this motion.

/s/ J. David Dantzler, Jr.
J. David Dantzler, Jr.
Ga. State Bar No. 205125

## **CERTIFICATE OF SERVICE**

      I do hereby certify that, May 28, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

>Timothy S. McCole
>Scott R. Baker

      I further certify that, on May 28, 2010, the foregoing has been served to the following non-CM/ECF participants by United States Mail, postage pre-paid:

>William Clark
>JTA Enterprises
>16 Beech Place
>Denville, NJ 07834

>/s/ Charles R. Burnett
>Charles R. Burnett
>Ga. State Bar No. 396397